O
**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES -- GENERAL

Case No. EDCV 10-00841 VAP(DTBx) Date: August 27, 2010

Title: RAYMOND C. VIDALES -*v*- COUNTY OF RIVERSIDE, et al.
===============================================================

PRESENT: HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard
Courtroom Deputy

None Present
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:

None

ATTORNEYS PRESENT FOR DEFENDANTS:

None

PROCEEDINGS: MINUTE ORDER DISMISSING
(IN CHAMBERS - No Proceedings Held)

On July 28, 2010, the Court ordered Plaintiff to show cause why his Complaint should not be dismissed for lack of subject matter jurisdiction. Having received and considered Plaintiff's Response to the July 28, 2010 Order to Show Cause, for the reasons set forth below, the Court DISMISSES Plaintiff's Complaint without prejudice.

As set forth more fully in the Order to Show Cause, Plaintiff's claims for relief in this matter arise out of Defendants' failure to satisfy a judgment Plaintiff obtained against Defendant County of Riverside in an action before the California Superior Court for the County of Riverside. Though Plaintiff labels this action as one under 42 U.S.C. § 1983 for violation of his due process rights, in substance the relief he seeks is enforcement of a judgment entered in his favor in the Superior Court. This

Court is without jurisdiction to enforce the judgments of state courts. See Friis v. City of San Jose, No. Misc-08-80027 RMW, 2009 WL 1690439, at *1 (N.D. Cal. June 16, 2009); 28 U.S.C. § 1963 (listing the types of judgments that may be registered in district courts). Plaintiff cannot evade this limitation on the Court's subject matter jurisdiction merely by labeling his claim as one for violation of the United States Constitution.

Plaintiff argues that he must be allowed to pursue this action because California state law exempts public entities from ordinary judgment execution processes; thus he has no means of enforcing the judgment obtained in the Superior Court other than through this action. This argument fails for two reasons.

First, as Plaintiff himself concedes, he is not without means of enforcing his judgment against Defendants. Under California Government Code section 970.2, Plaintiff may seek a writ of mandate compelling Defendants to comply with the judgment. Plaintiff's argument that Defendants would also fail to comply with such a writ is unpersuasive, as the court issuing the writ has authority to compel compliance through its inherent contempt power. Plaintiff's speculation that Defendants would not comply with a writ of mandate does not vest this Court with subject matter jurisdiction.

Furthermore, even assuming Plaintiff were correct that no California state law is adequate to enforce his judgment — which he is not — absent a controlling federal statute, the execution mechanisms available in this Court are no greater than those available in California Superior Courts. See Fed. R. Civ. P. 69(a) ("The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Plaintiff has identified no federal statute that would apply to a money judgment here; accordingly, the only means available to enforce any judgment obtained in this Court are the same as those available in Superior Court. Plaintiff is no more likely to collect successfully a judgment entered by this Court than he is one entered by the Superior Court.

As the Court lacks subject matter jurisdiction over this action to force

Defendants to comply with a judgment entered in California Superior Court, the Court DISMISSES Plaintiff's Complaint without prejudice.

**IT IS SO ORDERED.**